1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TORY BRATTON,                          No.  2:16-cv-1084-EFB P

11              Plaintiff,

12        v.                                ORDER

13   E. SHINETTE, et al.,

14              Defendants.

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He has filed several motions –two to compel discovery (ECF Nos. 23 & 24), one

18   seeking an extension of time to file his second amended complaint (ECF No. 25), three to exclude

19   relevant evidence (ECF Nos. 29, 33, & 34), and one to appoint counsel (ECF No. 32).

20   Defendants have filed oppositions to both motions to compel and a statement of non-opposition to

21   plaintiff's motion for extension of time to file his second amended complaint.  ECF Nos. 27 & 28.

22   For the reasons stated hereafter, plaintiff's motions to compel are granted, in part, his motion for

23   extension of time is granted, his motions to exclude evidence are denied, and his request for

24   appointment of counsel is denied.

25        **I.       Motions to Compel**

26             **A.  Legal Standards**

27        Parties are obligated to respond to interrogatories to the fullest extent possible under oath,

28   Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

1

33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. **Analysis**

Plaintiff's motions to compel are hand-written, not divided by discovery item, and overall difficult to parse with any reasonable precision. Defendants have interpreted them to seek the following:

> 1) Confidential Appeal Inquiry package for Appeal No. SAC-B-15-03262 (including the notes of Lieutenant G. Ellin concerning the interviews of Defendant E. Shinnette, Defendant M. Caudle, Correctional Officers T. Beeby and Z. Wheeler, and inmates Owens (V-60905), Marquez (AP-5528), Tamayo (H-42205) and Mack (AV-7162)) (re: RPD.218-246) (ECF No. 23 at 1; *see also* ECF No. 24 at 1, 5);
>
> 2) Use of Force Critique package for Incident Report No. SAC-FBP-15-09-1013 (re: RPD.247-260) (ECF No. 23 at 1; *see also* ECF No. 24 at 1-2, 8);
>
> 3) Any and all documents relating to allegations of excessive force by any CSP-SAC staff during September 16, 2014 one year prior to the incident at issue to the present concerning inmate/patients housed in PSU II/III and every segregated housing unit (ECF No. 23 at 1; *see also* ECF No. 24 at 6);
>
> 4) Any and all formal and informal written complaints (including but not limited to 602 forms against any named defendants alleging excessive use of force that occurred prior to September 16, 2015 (including all written responses, appeals, reports, investigations and/or correspondence regarding the complaints (ECF No. 23 at 1);
>
> 5) CSP-SAC Investigative Services Unit procedural manual for responding and investigating incidents involving staff assaults (ECF No. 24 at 1; *see also* ECF No. 24 at 2, 6-7));
>
> 6) Digital photographs of Plaintiff's cell, inside and out, with the cell door opened and closed (ECF No. 24 at 1, 7-8);

7) The complete and full report the CSP-SAC ISU prepared and sent to the Sacramento County District Attorney on December 29, 2015 (ECF No. 24 at 1);

8) CSP-SAC's training and procedural manual on investigating incidents involving "Battery on a Peace Officer" (ECF No. 24 at 1, 8);

9) Digital pictures taken of Plaintiff Bratton's injuries on the night of the incident at issue (ECF No. 24 at 1-2; *see also id.* at 8);

10) Any and all equipment logs for Defendants' use of state-issued pepper spray on September 16, 2015 (ECF No. 24 at 3);

11) Any and all documents that refer to policies, procedures, and practices in effect on September 16, 2015, at CSP-SAC, concerning the use of force on Coleman class members in Ad-Seg, PSU, or the SHU (ECF No. 24 at 3);

12) A full and complete copy of the "Chief Disciplinary Officer assessment report" of the RVR SAC-FBP-15-09-1013 (ECF No. 24 at 8).

ECF No. 27 at 3. Plaintiff has not filed a reply disputing this characterization of the items at issue and, consequently, the court accepts it as accurate.

### 1. Confidential Appeal Inquiry & Force Critique Package (Items 1-2)

Defendants argue that these items, which are concededly available to them, are protected by the official information privilege. They claim that these documents, if disclosed, would jeopardize the safety and privacy rights of non-party inmates and correctional staff and undermine the California Department of Corrections and Rehabilitation's ability to conduct confidential investigations.

Defendants acknowledge that, in federal cases, questions of privilege are resolved pursuant to federal law. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). They note, however, that federal law recognizes a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). The qualified privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken . . . ." *Id.* Defendants have provided the declaration of T. Kraemer – a litigation coordinator at California State Prison – Sacramento – who asserts the following:

(1) The documents contain third-party inmate and correctional staff member's personal information – such as full names and other personally identifying information;

(2) The Confidential Appeal Inquiry package contains confidential statements made by third-party inmates;

(3) Both documents contain confidential statements made by defendants and third party staff members;

(4) Disclosure of any of the foregoing would hinder CDCR's ability to conduct accurate and reliable investigations which, in turn, could jeopardize the safety of its institutions;

(5) These documents are part of the "deliberative policy-making process" and their disclosure will alert inmates to a precedent that "they can obtain these internal documents at any time;"

(6) Disclosure of the documents would "educate inmates on the methods by which staff are evaluated," and allow them to falsely accuse staff members or "otherwise manipulate the investigation process;"

(7) Inmates who receive confidential information may be coerced into disclosing it to other inmates, including gang members; and

(8) The documents are internal memoranda used in the review and evaluation of staff. They contain several statements which are "pre-decisional and deliberative" as to whether Defendants acted appropriately.

ECF No. 27-1 at 267-268.

Before balancing of interests of the party seeking discovery against the governmental entity asserting the privilege, the party invoking the privilege must make a "substantial threshold showing" by affidavit or declaration. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The affidavit or declaration must include:

> (1) an affirmation that the agency generated or collected the material at issue and has in fact maintained its confidentiality . . . ; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly*, 114 F.R.D. at 670. "A strong affidavit would also describe how the plaintiff could acquire

4

1  information of equivalent value from other sources without undue economic burden." *Id.* "If the

2  court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it

3  will order disclosure of the documents in issue." *Soto*, 162 F.R.D. at 613.

4      The court concludes that the affidavit provided by defendants fails to make this threshold

5  showing.  The harms identified by Kraemer are too vague to pass muster.  As noted *supra*, many

6  of Kraemer's asserted harms focus on the potential disclosure of staff and non-party inmates'

7  confidential or private information.  Nothing in the record convinces the court that this concern

8  could not be adequately addressed by redacting sensitive information.  Indeed, plaintiff appears to

9  concede that such redaction may be necessary and assent to it.  ECF No. 24 at 9 (asking that

10  information that is confidential be redacted).  Additionally, Kraemer's claim that the documents'

11  disclosure could negatively affect the CDCR's ability to conduct "accurate and reliable

12  investigations" is unpersuasive.  Courts have previously rejected similar, broad justifications for

13  invoking privilege.  *See*, *e.g.*, *Chism v. County of San Bernadino*, 159 F.R.D. 531, 534-35 (C.D.

14  Cal. 1994) ("[A] general assertion that a police department's internal investigatory system would

15  be harmed by disclosure of the documents is insufficient; a resisting party must specifically

16  describe how disclosure of the requested documents in the particular case in question would be

17  harmful.").

18      Nor is the court convinced that inmates' enhanced ability to make false claims – assuming

19  this to be an accurate consequence of the documents' disclosure – militates in favor of shielding

20  the documents in this case.  First, Kraemer has not actually described how these *particular*

21  documents will have this effect.  Second, rigid deference – that is deference without requiring a

22  more specific explanation than the one offered here - to such all-encompassing arguments would

23  allow prison officials to shield any information, no matter how relevant to a case, that is not

24  typically available to inmates.

25      Finally, it is unclear how these documents' status as "internal memoranda used in the

26  review and evaluation of staff" necessitates withholding them.  The court notes that part of the

27  declaration appears to be missing insofar as this paragraph ends midsentence.  ECF No. 27-1 at

28  /////

268 ("These documents contain recommendations and advisory opinions that reflect the personal opinions of the writers rather [the sentence is not completed on the next page]").

Based on the foregoing, the court directs disclosure of these documents subject to any redactions necessary to protect the private information of staff and non-party inmates.

**2. Any and all documents relating to allegations of excessive force by any CSP-SAC staff during September 16, 2014 one year prior to the incident at issue to the present concerning inmate/patients housed in PSU II/III and every segregated housing unit (Item 3)**

Defendants contend that this request is overbroad. The court agrees. It is far from clear how documents concerning other allegations of excessive force, made by and potentially against non-parties, have any relevance to this case. Plaintiff argues that these documents "will show that CSP-SAC nurtured, fostered, and approved an environment where inmates/patients were routinely subjected to excessive force . . ." ECF No. 24 at 6. But this rationale does not save this request from being burdensome and overbroad. The number of items responsive to plaintiff's request for "any and all documents" would include all staff reports, all inmate grievances, and any other, miscellaneous records that even tangentially mentioned allegations of excessive force – and would almost certainly be voluminous. This request is denied.

**3. Any and all formal and informal written complaints (including but not limited to 602 forms against any named defendants alleging excessive use of force that occurred prior to September 16, 2015 (including all written responses, appeals, reports, investigations and/or correspondence regarding the complaints (Item 4)**

Defendants argue that this request is overbroad and seeks irrelevant material. The court agrees. Whether defendants had other excessive force claims levied against them has no bearing on whether plaintiff's current allegations against them are true. The Federal Rules of Evidence render such character evidence inadmissible. Federal Rule of Evidence 404(a)(1). This request is also denied.

/////

/////

**4. Documents related to responding to and investigating incidents involving staff assaults (Item 5)**

Defendants argue that, after a diligent search, they were unable to locate any documents in their possession that were responsive to this request. The court was not able to locate a signed verification describing the search for the documents that was conducted and signed under penalty of perjury by the individual(s) that conducted the search. Defendants shall provide plaintiff with such a verification within fourteen days of this order's entry.

**5. Digital photographs of Plaintiff's cell, inside and out, with the door opened and closed (Item 6)**

This request does not appear to request documents in defendants' possession. Rather, plaintiff is requesting that defendants take the photographs in question and then provide them to him. As defendants point out, they are not required to create evidence that does not currently exist in order to comply with their discovery obligations. *See*, *e.g.*, *Brown v. Clark*, No. 1:10-cv-124 GSA PC, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013). Consequently, this request is denied.

**6. Remaining Requests (Items 7-12)**

With respect to each of the remaining requests, defendants contend that they were unable to locate any responsive documents in their possession. As specified in request number five, defendants must provide plaintiff with a proper verification within fourteen days of this order's entry.

**II.    Motion for Extension of Time**

On July 2, 2018, plaintiff filed a motion for a thirty-day extension of time to file his second amended complaint. ECF No. 25. On July 6, 2018, plaintiff filed his second amended complaint. ECF No. 26. Then, on July 18, 2018, defendants filed a statement of non-opposition. ECF No. 28. Consequently, plaintiff's motion for extension of time will be granted and his complaint is deemed timely filed.

/////

/////

1    **III.    Motion to Exclude Evidence**

2        On July 18, 2018, plaintiff filed a motion seeking to exclude documents related to a rules

3    violation hearing which, if allowed into evidence, he believes will prejudice his ongoing

4    administrative appeal and "any other future challenge in court." ECF No. 29.  Then, on August 8,

5    2018, he filed two more motions to exclude: (1) evidence pertaining to rules violation reports

6    issued against him; and (2) evidence of his past criminal history.  ECF Nos. 33 & 34.  These

7    motions are premature.  Defendants have not indicated their intent to introduce any of the

8    evidence in question.  A party may bring a motion in limine to address the admissibility of

9    evidence to be introduced at trial.  Ruling on such a motion should be deferred until shortly

10   before trial to ensure that the evidence may be weighed in proper context.  Thus, plaintiff's

11   motions are denied without prejudice as premature.

12       **IV.    Motion to Appoint Counsel**

13       Finally, plaintiff requests appointment of counsel and argues that his imprisonment and

14   lack of legal knowledge impair his ability to litigate.  ECF No. 32 at 1.  District courts lack

15   authority to require counsel to represent indigent prisoners in section 1983 cases, however.

16   *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances,

17   the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C.

18   § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900

19   F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances"

20   exist, the court must consider the likelihood of success on the merits as well as the ability of the

21   plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

22   *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court

23   finds there are no exceptional circumstances in this case.

24       **V.    Conclusion**

25       Based on the foregoing, it is hereby ORDERED that:

26   1.  Plaintiff's Motions to Compel (ECF Nos. 23 & 24) are GRANTED to the extent that:

27           a.   Defendants shall provide plaintiff with the Confidential Appeal Inquiry and Force

28               Critique Package documents referenced *supra*.  These documents may be redacted

8

1         as necessary to protect the confidential information of correctional staff and non-

2         party inmates.

3       b.  Within fourteen days from the date of service of this order, defendants shall

4          provide plaintiff with signed verifications (as specified *supra*) for discovery items

5          five, seven, eight, nine, ten, and twelve.

6       c.  Plaintiff's motions to compel are denied in all other respects.

7    2.  Plaintiff's motion for extension of time (ECF No. 25) is GRANTED and his second

8      amended complaint (ECF No. 26) is deemed timely.

9    3.  Plaintiff's motions to exclude evidence (ECF Nos. 29, 33, & 34) are DENIED without

10      prejudice as premature.

11    4.  Plaintiff's motion to appoint counsel (ECF No. 32) is DENIED without prejudice.

12 DATED: October 11, 2018.

13

14                    EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28